WOMENS SERVICES, P. C., a Nebraska Professional Corporation and William G. Orr, M. D., Elizabeth F., Appellants,

v.

Charles THONE, Governor of the State of Nebraska; Paul L. Douglas, Attorney General for the State of Nebraska and Donald L. Knowles, County Attorney for the County of Douglas, State of Nebraska; Marilyn A. Schneider, Appellees.

LADIES CENTER, Nebraska, Inc., a corporation; John M. Epp, M. D., Betty Roe, by her next friend Barbara Gaither and Elizabeth F., Appellants,

v.

Charles THONE, Governor for the State of Nebraska; Paul L. Douglas, Attorney General for the State of Nebraska and Donald L. Knowles, County Attorney for the County of Douglas, State of Nebraska; Marilyn A. Schneider, Appellees.

WOMENS SERVICES, P. C., a Nebraska Professional Corporation; G. William Orr, M. D.; Elizabeth F., Appellees,

v.

Charles THONE, Governor of the State of Nebraska; Paul L. Douglas, Attorney General for the State of Nebraska and Donald L. Knowles, County Attorney for the County of Douglas, State of Nebraska; Marilyn A. Schneider, Appellants.

LADIES CENTER, Nebraska, Inc., a corporation; M. John Epp, M. D.; Betty Roe by her next friend Barbara Gaither and Elizabeth F., Appellees,

v.

Charles THONE, Governor of the State of Nebraska; Paul L. Douglas, Attorney General for the State of Nebraska and Donald L. Knowles, County Attorney for the County of Douglas, State of Nebraska, Appellants.

WOMENS SERVICES, P. C., a Nebraska Professional Corporation and G. William Orr, M. D., Appellees,

v.

Charles THONE, Governor of the State of Nebraska; Paul L. Douglas, Attorney General for the State of Nebraska and Donald L. Knowles, County Attorney for the County of Douglas, State of Nebraska, Appellants.

Nos. 80–1192, 80–1193.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1980.

Decided Dec. 8, 1980.

Jerold V. Fennell, Asst. Atty. Gen., Lincoln, Neb., for appellee Thone.

Michael T. Levy of Levy & Lazer, Omaha, Neb., for appellee, Ladies Center.

Lawrence I. Batt, Garber & Batt, Omaha, Neb., for appellant Womens Services.

Judith Levin, American Civil Liberties Union Found., New York City, for appellee, Elizabeth F.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and SACHS, District Judge.[*]

PER CURIAM.

These appeals challenge the findings of the district court[1] regarding the constitutionality of various portions of a Nebraska abortion regulation law, Neb.Rev.Stat. § 28–325 et seq. We affirm the judgment of the district court primarily on the basis of the district court decision. However, because intervening cases have been filed by the Supreme Court, and for other reasons which will later be made obvious, we comment briefly on each aspect of the decision.

The opinion of the district court, Womens Services, P. C. v. Thone, 483 F.Supp. 1022 (D.Neb. 1979), addressed first the issue of whether certain plaintiffs had standing to challenge the legislation. Judge Urbom found that plaintiff Ladies Center had achieved standing because the statute imposed potential criminal liability as accomplices on Ladies Center. Id. at 1030–31. The district court held that plaintiff Betty

Roe lacked standing because although she was pregnant when the legislation was enacted, she had procured an abortion before the law's effective date. Id. at 1031.

Next, the district court reviewed the plaintiffs' claim that the legislation violated the Establishment and Free Exercise Clauses of the first amendment. Judge Urbom found that the idea that life begins at conception was a motivating principal of the legislation, but this idea was "as capable of being labeled philosophical as religious * * * ." Id. at 1036. In finding no establishment clause violation, Judge Urbom applied the three–part test of Committee for Public Education v. Nyquist, 413 U.S. 756, 93 S.Ct. 2955, 37 L.Ed.2d 948 (1973). The district court found that the legislation: 1) "reflect[ed] a clearly secular legislative purpose"; 2) had "a primary effect that neither advances nor inhibits religion"; and 3) "avoid[ed] excessive government entanglement with religion." Nyquist, supra, 413 U.S. at 773, 93 S.Ct. at 2965.

Judge Urbom also rejected plaintiffs' free exercise claim, noting there was "no evidence to indicate that a woman's obtaining of an abortion without the regulation * * * would constitute a fundamental tenet of any religion." Womens Services, P. C. v. Thone, supra, 483 F.Supp. at 1040.

Finally, the district court dealt with plaintiffs' contentions that various provisions of the law (1) unduly burden a woman's right to decide to terminate her pregnancy; (2) were void for vagueness; and (3) violated the Equal Protection Clause. The findings which concern the parties in these appeals are those in regard to an informed consent provision, Neb.Rev.Stat. § 28–326(8)(a)[2] and a 48–hour waiting period provision, Neb.Rev.Stat. § 28–327.[3] In ana-

---

[*] The Honorable HOWARD F. SACHS, United States District Judge for the Western District of Missouri, sitting by designation.

[1.] The Honorable WARREN K. URBOM, Chief Judge, United States District Court for the District of Nebraska.

[2.] Neb.Rev.Stat. § 28–326(8)(a) requires that "the person upon whom the abortion is to be performed [be] advised (a) of the reasonably possible medical and mental consequences re-

sulting from an abortion, pregnancy, and childbirth."

[3.] Neb.Rev.Stat. § 28–327, in part provides:

No abortion shall be performed on any woman without the passing of at least forty–eight hours between the expression of informed consent and the actual performance of the abortion unless, in the sound medical judgment of the physician, an emergency situation exists.

lyzing these provisions, Judge Urbom held that the equal protection claim required only a rational relationship test but the substantive due process claim would require "the most rigorous standard" of review. *Id.* at 1044. Applying these standards, the district court found that the informed consent provision was rationally related to a legitimate state interest but failed the substantive due process test. *Id.* at 1048–49. Judge Urbom noted that the state's interest was not compelling during the first trimester of pregnancy and the provision unduly burdens a woman's freedom to decide to terminate her pregnancy. *Id.* at 1049. The 48–hour waiting period was also found to unduly burden a woman's freedom and the state's interest in a "thoughtful decision" was not sufficiently compelling. *Id.* at 1050.

The parties, on appeal, also dispute two findings of the district court made during the litigation. By order dated August 1, 1979, the district court granted plaintiffs' motion for partial summary judgment, finding unconstitutional a parental consultation requirement, Neb.Rev.Stat. § 28–333. On August 9, 1979, the district court denied defendants' motion to dismiss which was based on the abstention doctrine. Judge Urbom found that defendants' suggested construction of the informed consent provisions, Neb.Rev.Stat. §§ 28–326(8) and 28–327, "would strain a plain reading of the statute." *Womens Services, P. C. v. Thone*, No. CV–78–289, mem. op. at 2 (D.Neb. Aug. 9, 1979).

Also raised as error on appeal is the decision of the district court to strike the testimony of Senator Fowler.

*Appeal 80–1192*

■ Appellants, Womens Services, P. C., et al., argue that the district court erred in finding that the legislation did not violate the Establishment Clause and the Free Exercises Clause. We disagree.

■ The Supreme Court recently stated in connection with similar contentions concerning the Hyde Amendment that:

a legislative enactment does not contravene the Establishment Clause if it has a secular legislative purpose, if its principal or primary effect neither advances nor inhibits religion, and if it does not foster an excessive governmental entanglement with religion.

*Harris v. McRae*, —— U.S. ——, 100 S.Ct. 2671, 2689, 65 L.Ed.2d 784 (1980), citing *Committee for Public Education and Religious Liberty v. Regan*, 444 U.S. 646, 653, 100 S.Ct. 840, 846, 63 L.Ed.2d 94 (1980). The district court applied the proper test to the legislation in question and correctly found no violation of the Establishment Clause. As the Supreme Court also noted in *Harris v. McRae*, "a statute does [not] violate the Establishment Clause because it 'happens to coincide or harmonize with the tenets of some or all religions.'" *Harris v. McRae, supra,* —— U.S. ——, 100 S.Ct. at 2689, citing *McGowan v. Maryland*, 366 U.S. 420, 442, 81 S.Ct. 1101, 1113, 6 L.Ed.2d 393 (1961).

Judge Urbom also found that the statute did not violate the Free Exercise Clause. In that regard we note that "'it is necessary in a free exercise case for one to show the coercive effect of the enactment as it operates against him [as an individual] in the practice of his religion.'" *Harris v. McRae, supra,* —— U.S. at ——, 100 S.Ct. 2690, citing *Abington School District v. Schempp*, 374 U.S. 203, 223, 83 S.Ct. 1560, 1572, 10 L.Ed.2d 844 (1963). *See also Board of Education v. Allen*, 392 U.S. 236, 249, 88 S.Ct. 1923, 1929, 20 L.Ed.2d 1060 (1968). Although the proffered testimony of individual women addressed the coercive effect of the statute on the decision to abort and one of the plaintiffs did attempt to relate that decision to her religion, the testimony failed to establish that the decision to abort was "fundamental to" their faith. *Wisconsin v. Yoder*, 406 U.S. 205, 216, 92 S.Ct. 1526, 1533, 32 L.Ed.2d 15 (1972).

■ Additionally, we find no abuse of discretion in Judge Urbom's decision to strike the testimony of Senator Fowler.

We also affirm the finding that Betty Roe lacked standing to challenge the legislation for the reasons stated in Judge Urbom's decision.

*Appeal 80–1193*

Appellants, Charles Thone, et al., allege that the district court erred in holding various provisions of the Nebraska law unconstitutional. Appellants challenge the district court's findings as to § 28–326(8)(a) (defining informed consent as requiring that the women be advised "of the reasonably possible medical and mental consequences resulting from an abortion, pregnancy, and childbirth") and § 28–327 (requiring a 48–hour waiting period "between the expression of informed consent and the actual performance of the abortion * * * .")

Under a substantive due process analysis, Judge Urbom found that the interests of the state were not sufficiently compelling to justify placing such undue burdens, as these, on a woman's freedom to decide whether to terminate her pregnancy. Specifically, Judge Urbom found that it would take "several hours" to advise a woman of the "myraid" of medical and mental consequences resulting from an abortion, pregnancy, and childbirth. Regarding the 48–hour waiting period, Judge Urbom noted that the only abortion clinics in Nebraska are in the Omaha area and, therefore, the waiting period would increase the expense and time necessary for an abortion, especially for women from western Nebraska. Judge Urbom also held that the delay caused a "substantial" increase in risk to the pregnant woman's health.

■ We agree that legislation which directly interferes with a woman's fundamental right to decide whether to terminate her pregnancy is subject to strict scrutiny under a substantive due process analysis. *Charles v. Carey*, 627 F.2d 772, 776–78 (7th Cir. 1980). Although not denoting the standard as "strict scrutiny," the district court, in ruling on these two sections, applied "the most rigorous standard" to them. Thus, Judge Urbom's analysis, in effect, applied a strict scrutiny standard and we agree with his analysis in applying such a standard of review. Because the cited subsections fail under a substantive due process analysis, we make no determination as to whether strict scrutiny should also be applied to the legislation under an equal protection analysis.

■ Next, appellants urge that the district court erred in holding the parental consultation portion of § 28–333 unconstitutional. Judge Urbom found that the provision could not stand based on the requirements stated in *Bellotti v. Baird*, 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed. 797 (1979) (*Bellotti II* ). We agree that *Bellotti II* is applicable to the provision in question and affirm Judge Urbom's findings based on his order of August 1, 1979.

■ We also reject appellants' arguments that the district court should have abstained from review of the informed consent portion, §§ 28–326(8) and 28–327, and that Ladies Center, Inc. lacked standing in this action.

■ Finally, appellants contend that Judge Urbom could have severed some of the language within § 28–326(8)(a) which required that a woman be advised of the "reasonably possible medical and mental consequences resulting from an abortion, pregnancy, and childbirth." This argument has no merit. Even assuming that the language "pregnancy and childbirth" was added to the legislation at the request of the law's opponents, the fact remains that the Nebraska Legislature passed the law including such language. And we would be reluctant to sever language which is so inseparably intertwined within a subsection of the law.

The opinion of the district court is affirmed for the reasons indicated herein. Each party shall pay its own costs.