WOMENS SERVICES, P. C., a Nebraska Corporation, and G. William Orr, M.D., Appellees,

v.

Charles THONE, Governor of the State of Nebraska; Paul L. Douglas, Attorney General for the State of Nebraska; and Donald L. Knowles, County Attorney for the County of Douglas, State of Nebraska, Appellants.

WOMENS SERVICES, P. C., a Nebraska Corporation, and G. William Orr, M.D., Appellees,

v.

Charles THONE, Governor of the State of Nebraska; Paul L. Douglas, Attorney General for the State of Nebraska; and Donald L. Knowles, County Attorney for the County of Douglas, State of Nebraska, Marilyn A. Schneider, Intervenor, Appellants.

LADIES CENTER, NEBRASKA, INC., a Corporation; E. John Epp, M.D.; and Betty Roe, by her next friend Barbara Gaither, Elizabeth F., Intervenor, Appellees,

v.

Charles THONE, Governor of the State of Nebraska; Paul L. Douglas, Attorney General for the State of Nebraska; and Donald L. Knowles, County Attorney for the County of Douglas, State of Nebraska, Marilyn A. Schneider, Intervenor, Appellants.

No. 82–1786.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1982.

Decided Oct. 14, 1982.

Paul L. Douglas, Atty. Gen. of Neb., Jerold V. Fennell, Sp. Asst. Atty. Gen., Omaha, Neb., for appellants.

Frank Susman, Susman, Schermer, Rimmel & Parker, St. Louis, Mo., Lawrence I. Batt, Garber & Batt, Michael T. Levy, Levy & Lazer, P. C., Omaha, Neb., for appellees.

Before ROSS, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

These consolidated appeals challenge the findings of the district court [1] regarding the

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

constitutionality of portions of the Nebraska statutes regulating abortion. Neb.Rev. Stat. §§ 28–325 to 28–346 (1979). The district court initially found the challenged sections unconstitutional. *Womens Services, P. C. v. Thone,* 483 F.Supp. 1022 (D.Neb.1979). This court, in a per curiam opinion, affirmed the judgment of the district court. *Womens Services, P. C. v. Thone,* 636 F.2d 206 (8th Cir. 1980). The United States Supreme Court, on June 8, 1981, vacated the judgment of this court and remanded the case "for further consideration in light of *H. L. v. Matheson,* 450 U.S. 398 [101 S.Ct. 1164, 67 L.Ed.2d 388] (1981)." *Thone v. Womens Services, P. C.,* 452 U.S. 911 [101 S.Ct. 3043, 69 L.Ed.2d 414] (1981). This court remanded the case to the district court "for further consideration in light of *H. L. v. Matheson* and *Planned Parenthood Association of Kansas City, Missouri, Inc. v. Ashcroft,* Nos. 80–1130 and 80–1530 [655 F.2d 848] (8th Cir. July 8, 1981)." *Womens Services, P. C. v. Thone,* Nos. 80–1192 and 80–1193 (8th Cir. July 23, 1981).

On remand, the district court held that the parental consultation requirements of Neb.Rev.Stat. § 28–333 (1979) were unconstitutional and reaffirmed its 1979 judgment. The state defendants appeal and contend that the district court applied an incorrect standard in reviewing the abortion legislation. We affirm the judgment of the district court.

Originally, the issues on appeal involved Nebraska statutes which required: (1) parental consultation by a minor under the age of eighteen, Neb.Rev.Stat. § 28–333 (1979); (2) signature of an informed consent form, Neb.Rev.Stat. §§ 28–326(8) and 28–327 (1979); (3) a 48-hour waiting period, Neb.Rev.Stat. § 28–327 (1979); and (4) reporting of prescribed abortions to the Nebraska Department of Health, Neb.Rev. Stat. § 28–343. The state, in its brief and at oral argument, stated that it no longer defends the constitutionality of the parental consultation requirement. The state in the present appeal argues that the Supreme Court in *H. L. v. Matheson, supra,* set out a new standard of review for statutes which regulate abortions.

This court has addressed questions substantially similar to those presented here in *Planned Parenthood Ass'n of Kansas City v. Ashcroft,* 655 F.2d 848 (8th Cir. 1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 2267, 73 L.Ed.2d 1282 (1982). The panel in *Ashcroft* stated that:

> We perceive the settled standard in reviewing state regulation of abortion rights of the mother to be (1) whether the state requirement imposes a substantial interference and burden on the woman's decision to have an abortion and if so (2) whether the state has shown a compelling basis for the law, that is, that the burden is not undue or unjustifiable. [Citation omitted.] In applying the strict scrutiny test, it, of course, must be acknowledged that the state has a compelling interest in the health of the mother and may regulate abortion "in ways that are reasonably related to maternal health." [*Roe v. Wade,* 410 U.S. 113, 164, 93 S.Ct. 705, 732, 35 L.Ed.2d 147 (1973).]

*Id.* at 855. The court in *Ashcroft* discussed the Supreme Court's opinion in *H. L. v. Matheson* and stated that

> *Matheson* holds that the state may require that notice be given to the parents of a minor who is living with and dependent upon her parents, is not emancipated by marriage or otherwise, and has made no claim or showing as to her maturity or her relations with her parents. * * * The Court narrowed its decision to these facts because the plaintiff "did not allege or proffer any evidence that either she or any member of her class is mature and emancipated."

*Planned Parenthood Ass'n of Kansas City v. Ashcroft, supra,* 655 F.2d at 859. The panel in *Ashcroft* did not read *H. L. v. Matheson* as imposing a new standard of review of statutes which regulate abortion. Principles of *stare decisis* preclude this panel from overruling a prior opinion of this circuit. Additionally, this court stated "Judge Urbom's analysis, in effect, applied a strict scrutiny standard and we agree with his

analysis in applying such a standard of review." *Womens Services, P. C. v. Thone, supra,* 636 F.2d at 210.

Accordingly, after a careful reading of *H. L. v. Matheson,* we reaffirm the district court's holding that the challenged statutes are unconstitutional.

Affirmed.